UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Ray Dowdle,<br>*aka John R. Dowdle,*<br><br>Plaintiff,<br><br>vs.<br><br>Sheriff Bill Blanton; Chief Joel Hill; Lt. Kenny Brown; Capt. Harold Crocker; Sgt. Blackwell; Sgt. Spencer; Sgt. Parker; Sgt. Rhinehart; Sgt. Holly; Cpl. Luna; Cpl. Polk; Cpl. Price; Cpl. Huggins; Cpt. Ms. Blackwell; Pt. Padgett; Pt. Bishop; Pt. Dennis; Pt. Queen; Pt. Phillips; Pt. Hyatt; Pt. Smith; Pt. Bolin; Pt. Henderson; Pt. Watts; Pt. Lemmonds; Pt. Kennedy; Pt. Vinsett; Pt. Estes; Pt. Manning; Pt. Jennings; Pt. Whisnast; Pt. Bridges; Pt. Green; Pt. Wicks; Pt. Wiebusch; Pt. Blanton,<br><br>Defendants. | C/A No. 6:10-821-MBS-WMC<br><br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, John Ray Dowdle ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at Cherokee County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint caption and list of parties name only three defendants; however the statement of claim lists thirty-three additional defendants. Thus, the docket contains all of the named individuals as defendants. All of the named defendants are employed by a government entity.[2] Plaintiff claims the supervisory defendants denied him access to courts, newspapers, media publishing companies and a law library. The thirty-three additional defendants are sued because they "did not entervene [sic] on my behalf while my constitutional rights were being

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

violated." Plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings

2

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff, a pretrial detainee being held at the Cherokee County Detention Center, files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff claims Defendants Hill, Crocker, Brown, and Sheriff Blanton are "Denying me Access Court to the Newspapers, Media Publishing Co and Law Library." Compl. at 3. The

3

remaining Defendants are being sued for failing to intervene on behalf of Plaintiff while his constitutional rights were being violated. *Id*. The complaint seeks monetary damages.

***Duplicate Claims***

Although Plaintiff used this Court's complaint form, he failed to identify on the form when asked, that he has filed two prior cases that deal with the same facts as this case. Compl. at 1. Plaintiff has filed nine civil rights actions in this Court in the past four months. Two of these prior cases raise the same claims brought in this action. In *Dowdle v. Crocker, et al.*, C/A No. 6:10-31-MBS-WMC (D.S.C. 2010), Plaintiff claimed deprivation of his constitutional rights based on denial of use of a law library, just as he does in this case. Similarly, in *Dowdle v. Blanton, et al.*, C/A No. 6:10-390-MBS-WMC (D.S.C. 2010), Plaintiff claimed deprivation of his constitutional rights based on denial of publications, such as newspapers and magazines, just as he does in this case. Both of the prior cases were served on the defendants and are currently pending in this Court. The complaint reveals no apparent reason for filing a new complaint raising issues already pending before this Court. Because Plaintiff's prior cases containing the same claims are not final, the principle of *res judicata* does not apply at this time. *See In re Varat Enters, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)(*res judicata* where a final judgment bars later litigation that arises from the same cause of action as prior litigation). This Court, however, is not required to consider duplicate claims that are already pending in this Court. The United States Court of Appeals for the Fifth Circuit has succinctly stated that:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 f.2d 1295, 1296 (5th Cir. 1970). The Plaintiff's claims in this case are duplicative of claims already pending and this case should be dismissed as frivolous.

*Failure to State a Claim*

The bare assertion in the complaint stating denial of access to the courts is not supported by any factual allegations. A bare assertion alone is not sufficient to state a claim. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Plaintiff must also show an actual injury to state a claim for denial of access to the courts. It is well established that to state a claim for denial of meaningful access to the courts an inmate must allege injury resulting from the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). The complaint must contain specific allegations as to the actual injury sustained. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993). The complaint fails to allege a claim for denial of access to the courts.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

April 30, 2010  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).